[Civ. No. 8229.   Third Dist.   Dec. 8, 1953.]

HARLEY HANNAGAN et al., Respondents, v. FEATHER RIVER PINE MILLS, INC. (a Corporation), Appellant.

Clewe, Martin & Blade for Appellant.

Price & Morony for Respondents.

PEEK, J.—This is an appeal by defendant from an adverse judgment for the balance due and unpaid under a contract for the sale and purchase of lumber.

On April 16, 1948, the parties entered into a written agreement wherein the plaintiffs agreed to sell and the defendant agreed to buy, at the prices specified therein, certain lumber produced by plaintiffs. Among other things the contract provided:

"Either party may ask for an adjustment in this price following a general price change of 10% or more as indicated by the Western Pine Association's price index.

"Unless a satisfactory adjustment can be agreed to this contract may be cancelled by either party upon 90 days notice in writing."

Thereafter in September of that year defendant, in accordance with the permissive provisions of the contract, requested an adjustment in the price of the lumber as of September 26th, to which request plaintiffs agreed. The adjustment was limited solely to the question of price. Thereafter the parties continued operations under the contract as adjusted. However, the following month, although it had not been agreed upon, the defendant arbitrarily made a further reduction in the price of the lumber to be delivered to it. Plaintiffs thereupon informed defendant they could not accept the arbitrary price set by defendant and would hold defendant to the terms of the contract. Thereafter and until the conclusion of the season plaintiffs continued to deliver lumber and the same was accepted and paid for by defendant at the arbitrary price set by it. The money so paid by defendant was accepted by plaintiffs but they continued to bill defendant at the adjusted rate.

After considerable negotiation and more than two years thereafter, the present action was filed on March 12, 1951. The complaint contained three counts. The first was on the written contract and the second and third were common counts, all of which were generally denied by defendant. The court granted a nonsuit as to the common counts and granted plaintiffs leave to amend the first count to conform to proof so as to incorporate therein the price modification orally agreed upon in September, 1948. Judgment was thereafter entered for plaintiffs as prayed.

It is now the contention of defendant that when the change in price was orally agreed upon in September, 1948, the entire agreement thereby became, in legal effect, an oral agreement and hence the statute of limitations applicable to oral contracts, to wit, two years, applied. (Code Civ. Proc., § 3391.)

The basis of the contention is that the finding of the court that the oral modification was "in accordance with the terms of said contract," is unsupported by the evidence, and hence in the absence of evidentiary support the statute must apply.

■ Contrary to defendant's contention, an "executory contract is not necessarily extinguished by the mere execution of another by the same parties, even though the latter concerns the same subject matter as the first." (4 Cal.Jur. 10-Yr.Supp. (1943 Rev.), § 225, p. 159.) ■ Furthermore as the writer of that text states on that same page, "it is entirely competent for the parties to an executory contract to modify or waive their rights under it, and to ingraft new terms upon it, and the original contract may expressly provide for modifications."

■ Here the parties in evident anticipation of a price change made specific provision for such possibility by providing in the original written contract the circumstances and procedure under which either party could ask for an adjustment, but if they were unable to agree on an adjustment then either party could terminate "this contract" as provided therein. Stated otherwise, if a "satisfactory adjustment" could be mutually agreed upon, then "this contract" would remain in full force as the sole agreement of the parties. Thus, when the very thing which had been anticipated did occur, and for which provision had been made in the contract, to wit, a decline in the price of lumber, the parties proceeded as agreed and by oral agreement of September 26th altered the written contract accordingly. In all other particulars the written contract remained the same as it was. This was the precise situation presented in *Snow Mountain W. & P. Co.* v. *Kraner*, 191 Cal. 312, 323 [216 P. 589]. There the parties anticipated that it might become necessary to vary certain construction plans. They contracted accordingly, and as anticipated it became necessary to alter the plans. In holding that the parties were bound by the contract as altered, the court said: "The various alterations ordered by the respondent and carried out by the appellant . . . were all in conformity with changing conditions . . . they were clearly within the scope and object of the contract. . . ." Likewise in the instant case the price adjustment was carried out under the provisions of, and was clearly the object of, the contract.

Not alone does this appear from the contract itself but the acts of the parties in their subsequent operations thereunder also show that the modification of price was interpreted

by them as an ''adjustment'' of the same within the terms of the contract.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied January 7, 1954, and appellant's petition for a hearing by the Supreme Court was denied February 3, 1954.